```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

ANTHONY GARVIN,                    )
          Petitioner,              )
                                   )
     v.                            )   Civil Action No. 11-30137-KPN
                                   )
THOMAS DICKHAUT, SUPERINTENDENT,   )
          Respondent.              )
```

ORDER

NEIMAN, U.S.M.J.

On May 10, 2011, Anthony Garvin, an inmate now confined to the Souza Baranowski Correctional Center, filed his self-prepared "Motion to Stay Habeas Corpus" along with several documents consisting of various letters and transcripts. It appears that the sole purpose of these pleadings is to toll the one-year statute of limitations governing federal habeas proceedings brought under 28 U.S.C. § 2254. However, rather than submitting an actual petition on the standard form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Garvin submitted a motion accompanied by several documents.

In his motion, Garvin explains that he has not yet exhausted several claims surrounding his state court conviction. He states that his conviction was affirmed by the Massachusetts Supreme Judicial Court on May 14, 2010, and that his petition for re-hearing was denied on December 6, 2010.

The United States Supreme Court has held that a district court may stay mixed habeas petitions to allow a petitioner to exhaust claims in state court. *See Rhines v. Webber*, 544 U.S.

269, 277-78 (2005). However, a stay is only appropriate where the district court has first determined that: (1) there was good cause for the petitioner's failure to exhaust the claims in state court; and (2) that the claims are potentially meritorious. *Id.* at 277.

Here, the documents accompanying Garvin's Motion to Stay do not present a cognizable habeas claim. Rule 2(c) and (d) of the Rules Governing Section 2254 Cases provide that an application for writ of habeas corpus shall be in the form of a petition, which specifies each ground for relief that is available to the petitioner and the factual basis for each ground for relief. Because the documents do not set forth a cognizable habeas claim, the court is unable to consider the Motion to Stay at this juncture. However, the court will grant Garvin additional time to file a habeas petition on the form for filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Because Garvin failed to pay the $5.00 filing fee, he will be granted additional time to either pay the $5.00 fee or file an Application to Proceed Without Prepaying Fees or Costs.

It is hereby ORDERED that:

(1) If petitioner wishes to proceed with this action, he shall, within thirty-five (35) days of the date of this Order, file a Petition for Writ of Habeas Corpus accompanied by either the $5 filing fee or an application to waive prepayment of the filing fee with a certified account statement for the 6-month period immediately preceding the filing of this action or this action will be subject to dismissal without prejudice.

(2) The Clerk shall provide the petitioner with the following forms: (1) Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254; (2) Application to Proceed in District Court Without Prepaying Fees or Costs; and (3) the form for Consent/Refusal of Magistrate Judge Jurisdiction and the instructions for that form ("consent package").

SO ORDERED.

May 17, 2011 /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U. S. Magistrate Judge